OPINION OF THE COURT
Joseph S. Mattina, S.
A motion has been brought before this court for summary judgment of damages in the amount of $64,751.01 as of March 10, 1988 to Mildred E. Freund resulting from the failure of Marine Midland Bank as trustee under the will of John P. Herrmann to collect Federal and New York State estate tax refunds and resulting from underpayments of income to Mildred Freund under an annuity trust pursuant to a decree of this court granted November 7, 1975; for summary judgment of damages in the amount of $92,644.36 as of March 10, 1988 in favor of Canisius College, D’Youville College, St. Francis Home of Williamsville, New York, Our Lady of Victory Homes of Charity and German Roman Catholic Orphan Home of *215 Buffalo against Marine Midland Bank; for summary judgment charging Marine Midland Bank with the legal expense of Jaeckle, Fleischmann & Mugel in the amount of $8,674.50 for correcting the errors in the trustee’s account and $15,000 attorneys’ fees of Kennedy & Stoeckl, P. C. for services rendered in this litigation.
The Appellate Division determined that the remaindermen were entitled to summary judgment on the issue of liability, but found the record to be inconclusive as to the amount of the tax refunds and directed the lower court to conduct a hearing to resolve that issue. Inherent in the power to make a determination of that amount is also the power to determine the amount of lost income over the period to which the objectants would be entitled, to make them whole.
It appears that the parties are in agreement as to the amount of the refunds that would have been due, but the trustee contends that there is no liability for the failure to procure the New York State tax refund. This court is of a contrary opinion, and considers the Appellate Division decision to apply to both the Federal and New York State estate tax refunds.
The only matter then still in contention is how the "lost income” is to be calculated. The remaindermen, through their expert witnesses’ testimony, advance the position that the income factor that should be applied is the amount calculated as if the taxing authorities had agreed to make the refunds and had paid interest on the funds held at the rates in effect during the period in question. This is a somewhat novel yet practical approach, in keeping with the approach in the Gilbert and Sullivan operetta The Mikado of letting "the punishment fit the crime.” Since the problem involved a tax refund, let the lost income be calculated the way the taxing authorities would calculate it.
However, Mr. Sullivan, attorney for the trustee, argues to the contrary, that interest should be calculated at the simple interest judgment rates in effect during the period as being more in keeping with the manner in which courts generally calculate lost income when a fiduciary is surcharged in an accounting proceeding.
The court is more in agreement with the trustee’s position, and is of the opinion that lost income should be calculated in the manner in which it has consistently been calculated by courts in the past and not on the basis of speculation of what *216 might have been. However, the trustee’s approach is that interest should be calculated on a simple interest basis, based on the statutory judgment rate in effect during the period; but the court is of the opinion that interest should be calculated using the appropriate legal rates of interest compounded annually.
Therefore, it is the opinion of the court that interest should be calculated on $53,588.99, the full amount of the refunds, at 6% for the period from May 8, 1976 to June 24, 1981, and at 9% for the period from June 25, 1981 to June 30, 1984, for a total interest of $45,788.31.
The attorneys for the trust beneficiaries have also requested the court to charge their legal fees in the amount of $15,000 and a fee in the amount of $8,674.50 for services rendered to them by the firm of Jaeckle, Fleischmann & Mugel against the trustee as an individual. This application has been made, in part, based on the provisions of CPLR 8303 (a). This court is of the opinion, however, that SCPA 2110 specifically provides the authority for the Surrogate to fix fees in estate matters. It is that section which is controlling, and CPLR 8303 (a) has no application to the matters before this court.
Generally, the question of legal fees is a matter of contract between the parties and their respective counsel. The function of the court is to determine the reasonableness of the fees and whether payment should be made from the estate generally or from funds in the hands of the fiduciary belonging to any of the parties. Counsel for the trust beneficiaries has failed to show any compelling facts or circumstances which would warrant the awarding of counsel fees from the trustee as an individual. Accordingly, counsel must look to their own clients for payment. (Matter of Winburn, 160 Misc 49.)
In regard to the request that the court allow a "surcharge” in the amount of $8,674.50 on the commissions of the trustees for use as payment for the services of the firm of Jaeckle, Fleischmann & Mugel, the court can find no authority in the law that would allow such a diversion of funds. Counsel may not charge the opposing party for the services of its own expert witness. Accordingly, this request is denied.
Wherefore, upon reviewing the facts and in accordance with the Appellate Division decision, it is the decision of this court that a portion of the motion for summary judgment made on behalf of the beneficiaries is granted with damages of $45,124.68 for the balance of Federal estate tax due and *217 $8,464.31 for the balance of New York State estate tax due, for a total of $53,588.99 plus interest of $45,788.31. That portion of the motion requesting the court to assess the petitioners’ legal fees and the fees of their expert witness against the trustee is hereby denied.